■ GERARD D. FONTAINE, Appellant, v MORSE DIESEL, INC., Defendant-Respondent and Third-Party Plaintiff-Respondent. PRINCE CARPENTRY, INC., Third-Party Defendant-Respondent. — Order, Supreme Court, New York County (Whitman, J.), entered March 24, 1981, denying plaintiff's motion for reargument, reversed, on the law and the facts, motion is treated as one for renewal, and upon renewal, leave granted to plaintiff to raise the *ad damnum* clause to $950,000, upon condition that he submit to further medical and oral

examination, without costs. Appeal from the order of the Supreme Court, New York County (Whitman, J.), entered September 26, 1980, denying the motion for leave to amend, dismissed as subsumed in the appeal from the order, entered March 24, 1981, without costs. Plaintiff's motion to reargue should have been treated as one for renewal because it presented new evidence in support of his original motion to raise the *ad damnum* clause from $150,000 to $950,000. In his affidavit, plaintiff asserted that his fall from the scaffold was the cause of his continuing injuries and medical treatment. After the original bills of particulars were served in January of 1979, plaintiff noted that he had undergone an arthroscopy of the left knee in November of 1979. He emphasized that another arthroscopy was necessary. Plaintiff stressed that his loss of earnings then approximated $75,000 and that he was still disabled. His hospital expenses had risen to $3,500. Upon renewal, Dr. Springer also submitted a report in support of the motion. While it would have been better practice to have submitted an affidavit, the report of Dr. Springer will be accepted as adequate upon the present record where there is no real dispute that plaintiff's continuing injuries were caused in the fall. Dr. Springer's report, *inter alia,* confirms the possibility that a second arthroscopy might be necessary. It further states that the injury to the left knee was of a permanent nature. Neither Morse Diesel, Inc., nor Prince Carpentry, Inc., can validly claim prejudice since they have been aware of plaintiff's continuing injuries. Moreover, they have not shown that the plaintiff was lax in moving for this relief since the case has not yet been placed on the Trial Calendar. Overall, the record indicates that the original damages requested were grossly underestimated and that leave should be granted to raise the *ad damnum* clause to $950,000. However, as a condition for granting this motion, plaintiff must submit to further medical and oral examination if requested by the other parties. Concur — Murphy, P.J., Kupferman, Sullivan and Ross, JJ.